**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 25 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FATIMA BUZANI MARTINEZ, | No. 20-72701 |
| Petitioner, | |
| v. | Agency No. A205-587-408 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submission Deferred October 18, 2022
Submitted June 25, 2024[**]
Phoenix, Arizona

Before: BYBEE, OWENS, and COLLINS, Circuit Judges.

Fatima Buzani Martinez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") decision dismissing her appeal from

the immigration judge's ("IJ") denial of cancellation of removal and voluntary

---

   *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

departure. Where the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), "and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (citation omitted). As the parties are familiar with the facts, we do not recount them here. We deny the petition.

1.     We affirm the BIA's decision denying Buzani Martinez cancellation of removal.

Cancellation of removal for nonpermanent residents, governed by 8 U.S.C. § 1229b(b), contains two components. First, to be eligible, a noncitizen "must meet four statutory criteria," the last of which "requires a showing that the noncitizen's removal would result in 'exceptional and extremely unusual hardship' to a U.S.-citizen or permanent-resident family member." *Wilkinson v. Garland*, 601 U.S. 209, 211-12 (2024) (quoting § 1229b(b)(1)(D)). Second, an IJ must decide "whether to exercise his discretion favorably and grant the noncitizen relief in the particular case." *Id.* at 212-13.

We lack jurisdiction to review "questions of fact underlying denials of discretionary relief," *id.* at 219 (citing *Patel v. Garland*, 596 U.S. 328, 343, 347 (2022)), as well as the ultimate "step-two discretionary determination on whether

or not to grant cancellation of removal," *id.* at 225 n.4 (emphasis omitted).[1]

The IJ in this case denied Buzani Martinez's claim for cancellation of removal on multiple grounds. The BIA affirmed "insofar as the Immigration Judge determined that the respondent did not establish that her removal would result in exceptional and extremely unusual hardship to her qualifying relatives or that she merits relief as a matter of discretion." Buzani Martinez contends that the IJ and the BIA "failed to consider all the relevant factors in determining whether [her] qualifying relatives would suffer exceptional and extreme hardship."

Even if Buzani Martinez met the statutory criteria, however, the BIA's discretionary denial at step two independently supports the denial of cancellation of removal. Buzani Martinez does not meaningfully develop—in either her opening brief or supplemental brief—any colorable constitutional or legal claim concerning this ultimate discretionary denial. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (deeming the issue "waived" where the petitioner "did not contest the denial of cancellation of removal in her opening brief"). And in the absence of such a claim, we lack jurisdiction to consider the discretionary denial of cancellation of removal, as the Supreme Court clarified in

---

[1] After *Wilkinson* was decided, the government withdrew its argument that we lack jurisdiction to review the agency's hardship determination. In that case, the Supreme Court held that an "IJ's hardship determination is reviewable under [8 U.S.C.] § 1252(a)(2)(D)." *Wilkinson*, 601 U.S. at 212.

3

*Wilkinson*. 601 U.S. at 225 n.4; *see also* 8 U.S.C. § 1252(a)(2)(D).

Thus, we reject this portion of her petition.

2.      We also reject Buzani Martinez's challenge to the agency's denial of voluntary departure.

For a noncitizen to be eligible for voluntary departure at the conclusion of removal proceedings, an IJ must find, as relevant here, that the noncitizen has been "a person of good moral character for at least 5 years immediately preceding the [noncitizen's] application for voluntary departure." 8 U.S.C. § 1229c(b)(1)(B). Buzani Martinez argues that the BIA and the IJ, when evaluating good moral character, improperly considered actions that had occurred beyond the five years immediately preceding her application. In other words, Buzani Martinez challenges her supposed statutory ineligibility for voluntary departure.

But both the BIA and the IJ denied Buzani Martinez voluntary departure solely "as a matter of discretion." Buzani Martinez does not meaningfully challenge that discretionary determination. To the extent that she asserts "that the agency did not properly weigh the equities in denying voluntary departure," we are "preclude[d]" from reviewing such an assertion. *Olea-Serefina v. Garland*, 34 F.4th 856, 867 (9th Cir. 2022); *see also Corro-Barragan*, 718 F.3d at 1177 (explaining that because our review is "'limited to the ground adopted by the BIA,' and 'because the BIA affirmed based on the IJ's discretionary denial,' we [do] not

have jurisdiction to review the denial of voluntary departure" absent a "constitutional claim[] or [a] question[] of law" (citation omitted)).

The stay of removal remains in place until the mandate issues.

**PETITION DENIED.**